IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELYSE HOLMES,<br>　　　　　　Plaintiff, | CIVIL ACTION |
| v. | |
| NANCY BERRYHILL, ET AL.,<br>　　　　　　Defendants. | NO.  19-784 |

## MEMORANDUM OPINION

Plaintiff Elyse Holmes seeks an award of attorney's fees and other costs against Defendant Commissioner of Social Security, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  For the reasons that follow, Plaintiff's motion will be denied.

Holmes applied for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act in 2014.  Her application was denied, and she proceeded to a hearing before a Social Security Administrative Law Judge ("ALJ") in 2017.  Following the hearing, the ALJ found that Holmes was not disabled and denied her benefits claim.  The denial was sustained on administrative appeal, and this litigation followed.

In federal court, Holmes raised an Appointments Clause challenge and asked the Magistrate Judge hearing her case for a remand to a different ALJ.  Holmes argued that the ALJ who had heard her case had not been properly appointed and that she was therefore entitled to a new hearing pursuant to the Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018).  In *Lucia*, the Court held that Securities and Exchange Commission ALJs were "inferior officers" who must be appointed pursuant to the Appointments Clause, and that, because the ALJ who had heard claimant's case had not been so appointed, the claimant was entitled to a new hearing before a new, constitutionally appointed ALJ.  *Id.* at 2053-55.  That decision was determined to apply to Social Security ALJs as well, and such ALJs where appointed pursuant to

the Appointments Clause on July 16, 2018, *see* Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update; since, however, Holmes's administrative hearing had preceded that date, it was uncontested that the ALJ who had heard her case had not been properly appointed.  Nevertheless, the Commissioner argued against remand on the basis that Holmes had not raised her Appointments Clause challenge before the agency and had therefore waived that argument by failing to exhaust it.

Meanwhile, after the parties had briefed the instant case but before a decision had been made, the Third Circuit issued its decision in *Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148, 152 (3d Cir. 2020).  In *Cirko*, the Third Circuit held that "claimants for Social Security disability benefits [are not required to] exhaust Appointments Clause challenges before the very [ALJs] whose appointments they are challenging." *Id.*  Consequently, the Magistrate Judge reviewing Holmes's claim concluded that, per *Cirko*, "the ALJ's decision [in Holmes's case] must be vacated and the case remanded for a new hearing before a different, properly appointed ALJ."  This Court adopted the Magistrate's recommendation, and the case was remanded for further proceedings.

Following that remand, Holmes moved for attorney's fees and costs pursuant to the EAJA on the basis that "[w]hen the Court issued [the remand] order[,] plaintiff became a prevailing party."

Congress enacted the EAJA "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts.  The EAJA therefore provided for an award of attorney's fees and expenses to parties prevailing against the United States." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d

Cir. 1983) (internal quotations omitted).  However, Congress "did not intend to award fees to every prevailing party. . . .  Rather, Congress authorized only certain prevailing parties to recover fees.  Specifically, Congress required that attorney's fees be awarded to a prevailing party unless the court determines that the government's position was not substantially justified." *Id.* (internal quotations and citations omitted).  The burden of demonstrating such substantial justification rests on the government.  *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

A "substantially justified" position is a position "justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person.  Alternatively phrased, an agency position is substantially justified if it has a reasonable basis in both law and fact." *Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (internal quotations and citations omitted).  The Supreme Court has explicitly declined to impose a higher standard for substantial justification such that "substantially justified" means "justified to a high degree." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  That is because "Congress did not . . . want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case." *Scarborough*, 541 U.S. at 415 (internal quotations and alterations omitted).

Here, it is uncontested that Holmes is the prevailing party, and Holmes argues she is entitled to attorney's fees because the Commissioner's position that she had waived her Appointments Clause challenge and thus was not entitled to remand was not substantially justified.  To determine whether the Commissioner had a reasonable basis in both law and fact for maintaining that Holmes had waived her Appointments Clause challenge, the Court assesses whether 1) there was a reasonable basis for the facts the Commissioner alleged; 2) whether there existed a reasonable basis in law for the theory which he advanced; and 3) whether the facts

alleged reasonably supported the legal theory advanced.  *See Dougherty*, 711 F.2d at 564.

For the facts alleged, it is undisputed that Holmes did not raise her Appointments Clause challenge administratively, so the Commissioner had a factual basis for alleging waiver.  Further, there existed a reasonable basis in law for the theory advanced.  The Commissioner's position was not novel.  Numerous district courts around the country, including courts within this district, had previously agreed with the Commissioner's position that Appointments Clause challenges are subject to exhaustion requirements.  *See, e.g.*, *Muhammad v. Berryhill*, 381 F. Supp.3d 462, 469-70 (E.D. Pa. 2019) ("[R]egularly permitting unsuccessful claimants to raise such challenges for the first time on judicial review would encourage the practice of 'sandbagging': suggesting or permitting, for strategic reasons, that the adjudicative entity pursue a certain course, and later—if the outcome is unfavorable—claiming that the course followed was reversible error." (internal quotations and alterations omitted));  *Marchant on behalf of A.A.H. v. Berryhill*, 2019 WL 2268982, at *4 (E.D. Pa. May 28, 2019) (finding that "*Lucia* requires SSA claimants to raise an Appointments Clause challenge at some point during the administrative process"—whether before the ALJ or the Appeals Council—and collecting cases discussing different approaches to the exhaustion question);  *Sprouse v. Berryhill*, 363 F. Supp.3d 543, 550 (D.N.J. 2019) (finding specifically that Appointments Clause challenges must be raised before the ALJ).

Considering this broad support for the Commissioner's position, it cannot be said to have been unreasonable.  *See Dougherty*, 711 F.2d at 566 (finding agency position substantially justified where that position was supported by a single case).  The fact that the Third Circuit ultimately rejected the Commissioner's position is not to the contrary.  *See Scarborough*, 541 U.S. at 415.  Finally, since Holmes had failed to raise her Appointments Clause challenge administratively, the Commissioner reasonably raised the waiver issue.

Because the Commissioner was substantially justified in arguing that Holmes had waived her Appointments Clause challenge, her motion for attorney's fees will be denied.[1]

An appropriate order follows.

**May 4, 2020**                                  **BY THE COURT:**

                                                 /s/Wendy Beetlestone, J.

                                                 _____
                                                 **WENDY BEETLESTONE, J.**

---

[1] In addition to arguing that the Commissioner's position was not substantially justified, Holmes notes in passing that "her opinion brief shows that the ALJ's decision on the merits is not substantially justified and her reply brief shows that Defendant's defense of it here is not substantially justified." However, as previously noted, it would be improper for the Court to consider the merits of Holmes's benefits claim at this juncture. *See Holmes v. Saul*, No. 2:19-cv-00784, ECF No. 21 ("As we have recommended that the ALJ's decision be vacated due to the Appointments Clause infirmity, it would be inappropriate for us to consider the hearing testimony and the ALJ decision.").

5